**Alban GJATA, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

No. 07–2601–ag.

United States Court of Appeals, Second Circuit.

Sept. 17, 2008.

Theodore N. Cox, New York, NY, for Appellant.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Anh–Thu P. Mai, Senior Litigation Counsel, James A. Hurley, Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Appellee.

PRESENT: JOSÉ A. CABRANES, ROBERT A. KATZMANN, Circuit Judges, and EDWARD R. KORMAN *, District Judge.

## SUMMARY ORDER

Petitioner Alban Gjata, a native and citizen of Albania, seeks review of a May 30, 2007 order of the BIA affirming the October 19, 2005 decision of an Immigration Judge ("IJ") denying petitioner's application for asylum, withholding of removal, relief under the Convention Against Torture, and adjustment of status under section 245 of the Immigration and Nationali-

ty Act ("INA") and ordering him removed. *In re Alban Gjata,* A79 066 559, 2007 WL 1794212 (BIA May 30, 2007), *aff'g* A79 066 559 (Immig. Ct. Buffalo Oct. 19, 2005). We assume the parties' familiarity with the facts and procedural history of this case.

When, as here, the BIA affirms the IJ's decision with some modification, we review the IJ's decision as altered by the BIA. *See Ming Xia Chen v. BIA,* 435 F.3d 141, 144 (2d Cir.2006). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Dong Gao v. BIA,* 482 F.3d 122, 126 (2d Cir.2007).

Petitioner contends (1) that the BIA erred "as a matter of law" in concluding that he had participated in alien smuggling and was therefore not eligible for an adjustment under section 245(i) of the INA, Aplt's Br. at 18; and (2) that the IJ's reliance on hearsay testimony violated his due process rights. We find that both of petitioner's claims lack merit. The BIA's conclusion that petitioner was involved in alien smuggling is amply supported by evidence in the record. Pursuant to section 212(a)(6)(E) of the INA, any alien who has participated in alien smuggling, as defined by the Act, is not eligible for an adjustment under section 245. Therefore, the BIA's determination that petitioner was not eligible for an adjustment was sound. Second, while it appears that petitioner failed to raise his due process claim before the BIA, we nonetheless find that it is without merit because "[hearsay] is admissible in removal proceedings." *Lin v. U.S. Dept. of Justice,* 459 F.3d 255, 272 (2d Cir.2006). Here, the IJ did not err in considering the prior testimony of petitioner's brother at his own removal proceed-

---

\* The Honorable Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

ing, which implicated petitioner in an alien smuggling scheme.

For the foregoing reasons, the petition for review is DENIED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.